IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-02071-NYW-MDB

BRICE MATTHEW DAY,

    Plaintiff,

v.

APRIL D. DUNBAR, and
CHRIST FOR THE NATIONS CRUSADES, INC., and
DOE DEFENDANTS 2–10,

    Defendants.

## ORDER

This matter is before the Court on Defendant April Dunbar's Partial Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion" or "Motion to Dismiss"). [Doc. 38]. The Court has reviewed the Motion, the related briefing, and applicable case law, and concludes that oral argument would not materially assist in the resolution of the Motion. For the reasons set forth below, the Motion to Dismiss is respectfully **DENIED**.

## BACKGROUND

On July 29, 2022, Plaintiff Brice Day ("Plaintiff" or "Mr. Day"), an HVAC technician, entered property owned by Defendant Christ for the Nations Crusades, Inc. (the "Church") to replace HVAC equipment on the property. [Doc. 27 at ¶¶ 3, 11–12, 25].[1] Upon arriving, Mr. Day observed that a closed gate blocked off a dirt road that led to the HVAC equipment. [*Id.* at ¶ 26]. In the parking lot, Mr. Day encountered Defendant April Dunbar

---

[1] The Court draws these facts from the Amended Complaint, [Doc. 27], and presumes they are true for purposes of this Order.

("Ms. Dunbar"), the treasurer of the Church, who identified herself as the owner of the property. [*Id.* at ¶¶ 4, 27–28]. Mr. Day asked Ms. Dunbar to open the gate so he could drive up the dirt road to the equipment, but Ms. Dunbar refused, stating that she did not want Mr. Day's truck to track dirt onto the parking lot. [*Id.* at ¶¶ 31–32]. Ms. Dunbar eventually opened the gate, but hours later demanded that Mr. Day and his crew leave immediately because it was going to rain. [*Id.* at ¶¶ 34–36]. Mr. Day and his co-workers obliged, but Mr. Day informed Ms. Dunbar that he would need to return the following day to complete his work. [*Id.* at ¶¶ 37–38].

Mr. Day returned the next day and found the gate locked again. [*Id.* at ¶ 41]. Ms. Dunbar again refused to open the gate, which meant that Mr. Day had to walk up a walking path to reach the HVAC equipment. [*Id.* at ¶¶ 45, 49–50]. On his way up, he observed that the walking path was dry. [*Id.* at ¶¶ 49–50]. When he came back down the walking path and went across a wooden bridge, Mr. Day slipped, fell backwards, and hit his head. [*Id.* at ¶ 52]. He noticed that the wooden bridge was wet, [*id.* at ¶ 53], which he alleges was caused by Ms. Dunbar's watering of nearby bushes, [*id.* at ¶ 54]. Mr. Day suffered a traumatic brain injury in his fall. [*Id.* at ¶ 59].

Mr. Day claims that the wooden bridge was unreasonably dangerous, [*id.* at ¶¶ 55–58], and he filed this federal lawsuit on July 26, 2024, [Doc. 1]. In his Amended Complaint, he asserts two claims against the Church and Ms. Dunbar: one claim of premises liability and one claim of negligence. [Doc. 27 at 11–13]. Ms. Dunbar now moves to dismiss the claims against her under Rule 12(b)(6). *See* [Doc. 38].[2]

---

[2] The Church filed an Answer. *See* [Doc. 37].

2

**LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

**ANALYSIS**

Ms. Dunbar first seeks dismissal of Mr. Day's claims on the basis that they are barred by Colorado's Volunteer Service Act. [Doc. 38 at 4]. The statute provides that

> a person shall not be deemed to have assumed a duty of care where none otherwise existed when [s]he performs a service or an act of assistance, without compensation or expectation of compensation, for the benefit of another person, or adopts or enforces a policy or a regulation to protect another person's health or safety.

Colo. Rev. Stat. § 13-21-116(2)(a). Ms. Dunbar asserts that "[t]he role of Treasurer at the Church is an unpaid, volunteer position" and that "maintenance of the Church['s] property is within the scope of her duties as a volunteer for the Church." [Doc. 38 at 5–6]. She maintains that Mr. Day's claims against her "fail" under the Volunteer Service Act because she "was acting within the course and scope of her volunteer duties as Treasurer when granting Plaintiff access to the property and maintaining the property." [*Id.* at 6].

Mr. Day responds by pointing out that Ms. Dunbar's argument depends on facts not alleged in the Amended Complaint.  [Doc. 39 at 1–2, 4].  Mr. Day contends that whether Ms. Dunbar is an unpaid volunteer, or whether Ms. Dunbar was acting within the scope of her volunteer duties, are contested questions of fact that cannot be resolved at the pleading stage.  [*Id.* at 6].  He asserts that Ms. Dunbar's arguments would be more appropriately raised in a summary judgment motion after the Parties have completed discovery.  [*Id.* at 4].  The Court notes that Mr. Day often references "Ms. Dunbar's affidavit," *see* [*id.* at 1–2, 5–7], but no affidavit was filed alongside or cited in the Motion to Dismiss.  Rather, Plaintiff's assertions refer to an affidavit submitted by *the Church* in conjunction with the Church's opposition to Plaintiff's now-resolved motion to amend.  *See* [Doc. 24-1].

In her reply brief, Ms. Dunbar shifts her theory of dismissal, arguing for the first time that the Volunteer Service Act raises a "jurisdictional question[]" and that Plaintiff's claims should be dismissed under Rule 12(b)(1).  *See* [Doc. 40 at 2–3].  She argues that "when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court must determine whether the court lacks the statutory or constitutional power to hear the case and can consider facts outside the pleading to make its determination."  [*Id.* at 3].  She posits that "[b]y citing and referencing Ms. Dunbar's Affidavit, Plaintiff introduced extrinsic evidence" about Ms. Dunbar's position at the Church and asserts that "if the Court finds there is a factual dispute as to whether Ms. Dunbar is immune from liability under the CVSA, the Court can consider evidence outside the pleading without converting Ms. Dunbar's Motion into a motion for summary judgment."  [*Id.* at 4].

The Court is respectfully unpersuaded by Ms. Dunbar's new theory of dismissal.

4

The Motion to Dismiss is filed exclusively under Rule 12(b)(6), and it does not mention Rule 12(b)(1) or contain any jurisdictional analysis at all.  Nor does the Motion to Dismiss ask the Court to consider any extrinsic evidence—it is *Plaintiff* who references the affidavit in his response brief.

To be sure, challenges to a court's subject matter jurisdiction cannot be waived, and parties may challenge subject matter jurisdiction "at any time prior to final judgment." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (quoting *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004)); *see also Kaw Nation ex rel. McCauley v. Lujan*, 378 F.3d 1139, 1142 (10th Cir. 2004) ("[C]oncerns about the proper exercise of judicial power may require [a court] to consider a challenge to subject matter jurisdiction first raised in a reply brief." (emphasis omitted)).  However, the Court respectfully declines to consider Ms. Dunbar's new Rule 12(b)(1) arguments in this procedural posture.  As mentioned above, the Motion to Dismiss does not contain any analysis about this Court's subject matter jurisdiction (including whether any attack on the Court's jurisdiction would be a facial attack or a factual attack).[3]  *See* [Doc. 38].  As a result, Plaintiff could not—and did not—raise any jurisdictional arguments in his Response.  *See* [Doc. 39].  Moreover, although Plaintiff's Response references Ms. Dunbar's affidavit—which was filed by a *different* Defendant in conjunction with a *different* motion—he expressly argues that this Court should *not* consider extrinsic facts, including the assertions in the affidavit, in its Rule 12(b)(6) analysis.  [*Id.* at 4].  The Court is thus not persuaded that Mr. Day "introduced extrinsic evidence" into this matter, as Ms. Dunbar

---

[3] *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (explaining that a Rule 12(b)(1) motion may mount either a factual attack or facial attack on subject matter jurisdiction, and a court's analysis differs depending on the type of challenge).

suggests. *See* [Doc. 40 at 4]. And finally, Ms. Dunbar's reply brief does not explain why application of the Volunteer Services Act implicates this Court's subject matter jurisdiction, as opposed to presenting an affirmative defense to liability. *See* [*id.*].[4]

In short, any Rule 12(b)(1) issue has not been clearly or cleanly presented to the Court. The Court declines to make jurisdictional rulings based only on one Party's abbreviated briefing. *Cf. Alexander v. N.M. Vocational Rehab.*, No. 07-cv-00230-MCA-LCS, 2008 WL 11399605, at *9 (D.N.M. Sept. 25, 2008) (declining to consider sovereign immunity argument first raised in reply "without benefit of proper briefing, case citations, and analysis"). And this Court is not independently persuaded that Ms. Dunbar raises an issue of subject matter jurisdiction, and particularly one that can be separated from the merits of Mr. Day's claims, which require an analysis of whether Ms. Dunbar owed any duty to Mr. Day. *Cf. Knellinger v. Young*, 134 F.4th 1034, 1041 (10th Cir. 2025) (explaining procedural steps when a jurisdictional question is intertwined with the merits of the case). Thus, the Court limits its analysis to the Rule 12(b)(6) arguments raised in the Motion to Dismiss.

Using this framework, the Court respectfully agrees with Plaintiff that Ms. Dunbar's assertions about the voluntary nature of her position as treasurer or the scope of her volunteer duties are not properly considered by this Court in ruling on the Rule 12(b)(6)

---

[4] Ms. Dunbar's reply brief cites a Colorado district court case in which the defendant argued that the trial court lacked jurisdiction under Rule 12(b)(1) of the Colorado Rules of Civil Procedure based on the Volunteer Service Act. *See* [Doc. 40 at 5]; *see also Brandstetter v. Arise Music Festival, LLC*, No. 2019CV30516, 2021 WL 4724080, at *1 (Colo. Dist. Ct. Aug. 09, 2021). However, the *Brandstetter* court did not substantively address whether application of the Volunteer Services Act deprives a court of subject matter jurisdiction over a plaintiff's claims. The Court declines to hold, without argument from the Parties and additional authority, that application of the statute deprives this Court of subject matter jurisdiction.

Motion to Dismiss. "[I]n assessing whether a plaintiff has stated a claim for relief, a court must restrict its review to only the 'allegations within the four corners of the complaint,' and cannot consider other pleadings or external allegations." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Waller v. City & Cnty. of Denv.*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)). Setting aside the new factual assertions raised in the Motion to Dismiss, Ms. Dunbar's argument is limited to a contention that "Plaintiff does *not* allege that Ms. Dunbar is a paid employee of the Church." [Doc. 38 at 5]. But Ms. Dunbar cites no legal authority demonstrating that, to state a claim for premises liability, Mr. Day must allege that Ms. Dunbar was a paid Church employee. *See* [*id.*]. The Federal Rules do not require a plaintiff to anticipate every potential defense and assert factual allegations negating those potential defenses; rather, the Federal Rules require only that a plaintiff include sufficient factual allegations to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678; s*ee also Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 759–60 (10th Cir. 2020) ("A plaintiff has no burden to anticipate an affirmative defense and plead facts negating it."). Accordingly, the Court is respectfully unpersuaded by Ms. Dunbar's argument and finds that dismissal of the premises liability claim against her is not warranted under Rule 12(b)(6).

In the alternative, Ms. Dunbar argues that the negligence claim against her should be dismissed "because it is preempted by the Colorado Premises Liability Act" ("PLA") and Mr. Day's "sole and exclusive remedy against Ms. Dunbar, if any, is under" that statute. [Doc. 38 at 6]. Mr. Day disagrees, arguing that "[u]ntil Ms. Dunbar's status, association, position, duties, and relationship with the Church and the land are revealed through discovery and decided by a jury, any discussion of preemption is premature and

7

irrelevant." [Doc. 39 at 8].

The PLA "preempts prior common law theories of liability, and establishes the statute as the sole codification of landowner duties in tort." *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004). However, although the PLA is the "'exclusive remedy' available for parties injured on the property of another," *Cereceres v. Walgreens Co*, No. 20-cv-03406-PAB-KMT, 2021 WL 4170457, at *2 (D. Colo. Sept. 14, 2021) (quoting *Vigil*, 103 P.3d at 329), "[t]he PLA only applies if the party sought to be held liable is a 'landowner' under the statute," *id.* (citing Colo. Rev. Stat. § 13-21-115(1)). Thus, a "plaintiff may assert both a claim under the PLA and one for common law negligence before it is determined whether [a] defendant is a 'landowner' under the PLA." *Id.*

Here, Mr. Day alleges that both Ms. Dunbar and the Church were "landowners" of the property. [Doc. 27 at ¶¶ 69–70]. He also alleges that unnamed Doe Defendants "may have been landowners." [*Id.* at ¶ 71]. The Church admits that it owns the property, [Doc. 37 at ¶ 3], but denies that Ms. Dunbar was a landowner or that Ms. Dunbar was responsible for the maintenance and safety of the property, [*id.* at ¶ 5]. Ms. Dunbar has not filed an answer to the Amended Complaint, so she has not yet admitted or denied these allegations; however, she "maintains the position that [she] was not in control of the right of ways" where Mr. Day fell "and was not responsible for the condition of the same right of ways." [Doc. 38 at 8 n.1]; *see also* Colo. Rev. Stat. § 13-21-115(7)(b) (defining "landowner" as "an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property").

Plaintiff's pleading does not permit the Court to determine, as a matter of law,

8

whether Ms. Dunbar is a "landowner" under the PLA. Because the PLA "doesn't preclude a plaintiff from asserting a common law negligence claim against a non-landowner," *Carrasco v. Copenna Corp.*, No. 23CA0945, 2024 WL 3935420, at *4 n.1 (Colo. App. Aug. 8, 2024), and because Mr. Day can plead inconsistent claims in the alternative, *see* Fed. R. Civ. P. 8(d)(2)–(3), dismissal of his negligence claim against Ms. Dunbar is not warranted at this time, *see Cereceres*, 2021 WL 4170457, at *3 ("At this stage in the litigation, where the pleadings do not definitively establish [the] defendant's landowner status, and [the] defendant denies being a landowner, [the] plaintiff is permitted to maintain alternative claims."); *D.B. v. Griffith Ctrs. for Child. Inc.*, No. 23-cv-01071-PAB-STV, 2024 WL 3403015, at *9 (D. Colo. Mar. 4, 2024) (permitting plaintiffs to maintain negligence claims in addition to PLA claim at motion-to-dismiss stage).

For these reasons, the Motion to Dismiss is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Defendant April Dunbar's Partial Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 38] is **DENIED**.

DATED: October 21, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge